## SCHEUERMANN v. SALTER.[*]
### No. 16687.

Court of Appeal of Louisiana.   Orleans.
Nov. 15, 1937.

Edw. A. Parsons, of New Orleans, for appellant.

Michael M. Irwin, of New Orleans, for appellee.

JANVIER, Judge.

In certain proceedings entitled "Portion of Mrs. Margaret Bensen, wife of Irwin Shaddinger," there were offered for sale at public auction three adjoining lots of ground on Tulane avenue in this city. Prior to that sale the said three lots had formed one portion of ground, which stood on the assessment rolls in the name of the then owner.  At the sale, George G. Scheuermann became the purchaser of one of the three lots for the price of $12,600 and he bought from the adjudicatee the adjoining lot, which had been adjudicated for the price of $1,600.  The third lot, immediately adjoining the two lots of Scheuermann, was bought at the sale by the present defendant, Mrs. Ellen Salter, widow of Francis J. Warren.  At the sale it was announced that the purchasers should assume liability for all unpaid taxes.  As we have said, the three lots together form-

*Rehearing denied Nov. 29, 1937.

ed the basis of one assessment. This had been in the sum of $6,970 in the case of the city of New Orleans, and in the sum of $8,200 in the case of the state of Louisiana. At that time there were due taxes to the city of New Orleans for the years 1933, 1934, and 1935 and to the state of Louisiana for the years 1934 and 1935. When, in confirmation of the adjudications, the acts of sale were passed, the same notary passed all and in the said acts it was provided that each of the purchasers assumed liability for the taxes due on his or her respective property. However, since these lots had been assessed as one piece of realty, the attorney for Scheuermann, who had purchased the larger and more valuable portion, suggested to the attorney for Mrs. Warren, the other purchaser, that he, as attorney for the former, would pay the taxes on all and that then Mrs. Warren could make proper reimbursement. Plaintiff alleges that he did pay the taxes and that defendant has failed to reimburse him on the proper basis.

On behalf of plaintiff it is contended that it was agreed that the basis of reimbursement should be the division of the tax on the basis of the pro rata front footage of the respective properties. Defendant, admitting that her counsel agreed that reimbursement would be made, emphatically denies that there was any intent that it would be on a front-foot basis, but contends that her counsel believed that the total tax due was to be divided on the basis of the pro rata of the respective sale prices of the properties involved. The suit is based solely on the alleged agreement to settle on a front-foot basis and in the petition $225.35 is claimed as the amount due by defendant on this basis.

Defendant, however, conceding her liability for her proper share, as she puts it, feels that the basis of the division should be the pro rata of each sale price to the total sale price and on this basis she admits a liability of $79.32.

There was judgment below for plaintiff in the sum of $225.35, and defendant has appealed.

Counsel for plaintiff, though now claiming $225.35 to be the amount due by defendant on a correct division of assessment, admits that he at first arrived at the figure $210.26, and he concedes that therefore, since he demanded this amount and no more, the judgment, which is for the greater amount, $225.35, should be reduced to $210.26.

While we are shown no authority for the method of dividing assessments in such situations, we are told that it is the custom for purchasers who cannot agree on a division to call upon the proper official and have made separate assessments. This was not done in this instance, since the parties, through their counsel, believed that they had agreed on a satisfactory division.

Whether they had so agreed is a question of fact on which there is irreconcilable testimony. We entertain no doubt that each of the attorneys is in the best of faith —the one in stating that there was an agreement as to the basis of division, and the other in testifying that, though he understood that the division would be made on the "proper" basis, he did not understand that he was agreeing on any particular method, but assumed that the respective sale prices would be used to determine this division. Assuming for the moment that an attorney is vested with authority in such situation to bind his client to pay any particular pro rata of taxes except upon the basis fixed by law, it is quite evident that defendant's counsel did not intend to bind his client on the basis contended for by plaintiff. No doubt counsel for plaintiff thought that counsel for defendant did so agree, but we are convinced that counsel for defendant did not so understand. It follows, then, that there was no contract, since, obviously, there was no meeting of the minds of the two attorneys who were acting for their clients. The one thought that one thing was agreed to—the other another. This suit is based on that alleged contract and, since we feel that there was no contract, the suit must be dismissed.

Of course, plaintiff is entitled to reimbursement on a proper legal basis and defendant concedes this. What this basis is, we are unable in this suit to determine. It may be, as contended for by defendant, that the sale prices should be taken into consideration, and, on the other hand, it may be that the proper basis is that contended for by plaintiff—that is to say, the division of assessment subsequently made by the proper officials. This must be determined, if not amicably, then in additional litigation.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant dismissing plaintiff's suit at his cost.

**Reversed.**